IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAQUILLE DUKES; CREDALE MILES; and MARQWANDRICK MORRISON;<br><br>       Plaintiffs,<br><br> vs.<br><br>FREEPORT HEALTH NETWORK MEMORIAL HOSPITAL, a Not-for-profit Corporation; RYAN GODSIL, individually and as agent of FREEPORT HEALTH NETWORK MEMORIAL HOSPITAL; THE CITY OF FREEPORT, a Municipal Corporation; SERGEANT JEFF ZALAZNIK, Individually and as an OFFICER DAN MOORE, Individually and as an agent of the CITY OF FREEPORT; OFFICER JUSTIN HOLDEN, Individually and as an agent of the CITY OF FREEPORT,<br><br>       Defendants. | ))))))))))))))))))) | No. 19-cv-50189<br><br>Honorable Judge John Z. Lee<br>Honorable Magistrate Lisa A. Jensen |

## **CITY OF FREEPORT, SERGEANT ZALAZNIK, OFFICER MOORE, AND OFFICER HOLDEN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now come the Defendants, City of Freeport, Sergeant Zalaznik, Officer Moore, and Officer Holden, by and through their attorneys, Maisel & Associates, and for their Answer to Plaintiff's Complaint do hereby state as follows:

1. Defendants demand trial by jury.

2. The defendants admit the location but deny the remaining allegations of this paragraph.

3. Deny.

4. These defendants deny the plaintiffs are entitled to any money damages whatsoever.

5. Deny.

6. Admit.

7. Admit.

1

8. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

9. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

10. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. These defendants deny that their conduct way in any way improper.

16. Admit upon information and belief.

17. Admit upon information and belief.

18. Admit.

19. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

20. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

21. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

22. Deny.

23. Deny.

24. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

25. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

26. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph as to plaintiff's feeling of side effects and therefore neither admit nor deny but demand strict proof thereof. Defendants deny the remaining allegations of this paragraph.

27. Deny.

28. Defendants generally admit what plaintiff Dukes was wearing but deny sufficient information to form a belief as to the remaining allegations of this paragraph.

29. Defendants admit plaintiffs were stopped by a security guard, but deny that they were returning to the hospital.

30. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

31. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

32. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

33. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

34. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

35. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

36. Deny.

37. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph as to what transpired prior to Security Guard Godsil radioing the police, and therefore neither admit nor deny but demand strict proof thereof. Defendants admit the police were called to the scene for a suspected theft of medical equipment.

38. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

39. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

40. These defendants admit that Officer Fidecki was first on the scene and advised Mr. Dukes to return to the hospital. These defendants deny knowing Officer Fidecki's state of mind.

41. Admit.

42. Deny the allegations of this paragraph to the extent it implies that Godsil initiated any arguments with the plaintiffs.

43. These officers were at the scene but deny the allegations of this paragraph which implies the officers arrived together.

44. Defendants deny these allegations as worded, however admit that Godsil requested that charges and arrests be made. Defendants further deny Godsil laughing or making obscene gestures.

45. Defendants admit that Miles was taken into custody for disorderly conduct and further deny that the arrest was made "immediately."

46. Deny.

47. Defendants admit that a nurse was contacted to remove the plaintiff Duke's IV but deny that it was done for the purpose of arresting him.

48. Deny.

49. Defendants deny ordering the nurse to do anything.

50. Admit.

51. Admit.

52. Admit.

53. Defendants deny the allegations of this paragraph to the extent it implies that the arrest was made only because Morrison turned off his camera.

54. Deny.

55. Deny.

56. Deny.

57. Admit that the inhaler was administered by a Freeport Officer, deny the time frame.

58. Objection; the allegations of this paragraph do not comport with Rule 8(a)(2).

59. Defendants admit that plaintiff was transported back to the hospital but deny sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

60. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

61. Deny.

62. Admit.

63. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

64. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof

65. These defendants deny sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admit nor deny but demand strict proof thereof.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Admit.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

**COUNT I**

78. For its answer to paragraph 78 these defendants incorporate their answers to paragraphs 1-77 as though fully set forth herein.

79. Admit.

80. Admit.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT II

92. For its answer to paragraph 92 these defendants incorporate their answers to paragraphs 1-91 as though fully set forth herein.

93. Admit.

94. Admit.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT III

104. For its answer to paragraph 104 these defendants incorporate their answers to paragraphs 1-103 as though fully set forth herein.

105. Admit.

106. Defendants deny sufficient information to form a belief as to the level of medical need the plaintiff experienced at any given time.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. Deny.

116. Deny.

117. Deny.

118. Deny.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT V

119. For its answer to paragraph 119 these defendants incorporate their answers to paragraphs 1-118 as though fully set forth herein.

120. Admit.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT VII

136. For its answer to paragraph 136 these defendants incorporate their answers to paragraphs 1-135 as though fully set forth herein.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Deny.

143. Deny.

144. Deny.

145. Deny.

146. Admit.

147. Deny.

148. Deny.

149. Deny.

150. Deny.

151. Defendants deny the allegations of this paragraph in terms of "usual" and "recurring" and "regular basis" insofar as these are not statements of fact but rather statements of subject and vague opinion.

152. Deny.

153. Deny.

154. Deny.

155. Deny.

156. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT VIII

157. For its answer to paragraph 157 these defendants incorporate their answers to paragraphs 1-156 as though fully set forth herein.

158. Admit.

159. Admit.

160. Deny. This paragraph makes no sense insofar as it does not contain a verb or allegation of fact.

161. Defendants deny sufficient information as to what plaintiff's understood.

162. Admit.

163. These defendants admit only to those duties imposed upon them by law and none other. Further, defendants deny breaching any such duty towards the plaintiffs.

164. These defendants deny the allegations of this paragraph and specifically deny subparagraphs a. through r. contained therein.

165. Deny.

166. Deny.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT IX

These defendants make no answer to the allegations of this Count insofar as these allegations are not directed against them.

## COUNT X

These defendants make no answer to the allegations of this Count insofar as these allegations are not directed against them.

## COUNT XI

These defendants make no answer to the allegations of this Count insofar as these allegations are not directed against them.

## COUNT XII

187. For its answer to paragraph 187 these defendants incorporate their answers to paragraphs 1-186 as though fully set forth herein.

188. Admit.

189. Admit.

190. Deny.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

197. Deny.

198. Deny.

199. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT XIII

200. For its answer to paragraph 200 these defendants incorporate their answers to paragraphs 1-199 as though fully set forth herein.

201. Admit.

202. Admit.

203. Deny.

204. Deny.

205. Deny.

206. Deny.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

211. Deny.

212. Deny.

213. Deny.

214. Deny.

215. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT XVI

216. For its answer to paragraph 217 these defendants incorporate their answers to paragraphs 1-216 as though fully set forth herein.

217. Admit.

218. Admit.

219. Deny.

220. Deny.

221. Deny.

222. Deny.

223. Deny.

224. Deny.

225. Deny.

226. Deny

227. Deny.

228. Deny.

229. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## COUNT XVII

230. For its answer to paragraph 230 these defendants incorporate their answers to paragraphs 1-229 as though fully set forth herein.

231. Admit.

232. Admit.

233. Deny.

234. Deny.

235. Deny.

236. Deny.

237. Deny.

238. Deny.

239. Deny.

240. Deny.

241. Deny.

242. Deny.

243. Deny.

244. Deny.

245. Deny. 42 U.S.C. 1983 does not provide for punitive damages.

WHEREFORE, the Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore respectfully request this Honorable Court enter judgment in their favor and against the plaintiff's together with costs for defending this wrongfully filed lawsuit.

## AFFRIMATIVE DEFENSES

Now come the Defendants, City of Freeport, Sergeant Zalaznik, Officer Moore, and Officer Holden, by and through their attorneys, Maisel & Associates, and for their Affirmative Defenses to Plaintiff's Complaint do hereby state as follows:

1. At the time and place alleged, Defendants are entitled to qualified immunity relative to their decision not to conduct a warrantless search.

2. At the time and place of the occurrence the Defendants were entitled to immunities conferred by the State of Illinois under 745 ILCS 10/2-102, 745 ILCS 10/2-103, 745 ILCs 10/2-109, 745 ILCS10/4-102; 745 ILCS 10/2-201, 745 ILCS 10/2-204, 745 ILCS 10/205; 745 ILCS10/4-107.

WHEREFORE, Defendants, City of Freeport, Sgt. Zalaznik, Ofc. Holden and Ofc. Moore and each of them, respectfully request that this Honorable Court enter an Order dismissing this lawsuit against them together with costs for defending this wrongfully filed Complaint.

Respectfully Submitted,

MAISEL & ASSOCIATES

By: */s/ Eric A. Krumdick*

Attorney for City of Freeport, Officers Zalaznik, Holden and Moore

Eric A. Krumdick (Atty #6190791)
Maisel & Associates
161 N. Clark Street, Suite 800
Chicago, IL 60601
(D) 312.458.6534
Email for Service: RPMLaw1@travelers.com
General Email: ekrumdic@travelers.com